http://www.va.gov/vetapp16/Files4/1634321.txt

Citation Nr: 1634321 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 09-20 354 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee

THE ISSUES

1. Entitlement to service connection for peripheral vascular disease of the right lower extremity, to include as secondary to service-connected diabetes mellitus. 

2. Entitlement to service connection for peripheral vascular disease of the left lower extremity, to include as secondary to service-connected diabetes mellitus. 

3. Entitlement to service connection for a heart disorder, to include as secondary to service-connected diabetes mellitus. 

4. Entitlement to service connection for a prostate disorder. 

5. Entitlement to service connection for a low back disability. 

6. Entitlement to a rating in excess of 20 percent for type II diabetes mellitus. 

7. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). 

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

Jarrette A. Marley, Counsel

INTRODUCTION

The Veteran served on active duty in the United States Marine Corps from March 1966 to February 1968, to include service in the Republic of Vietnam. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision by the Nashville, Tennessee Department of Veterans Affairs (VA) Regional Office (RO). 

A prior hearing in August 2010 was held before a Veterans Law Judge (VLJ) who is no longer employed by the Board. In July 2014, a video conference hearing was held before the undersigned VLJ. Transcripts of the hearings are associated with the claims file. 

These matters were previously before the Board in April 2011, April 2014, and November 2014. 

The November 2014 Board remand included the matter of entitlement to service connection for bilateral hearing loss. An October 2015 rating decision granted service connection for bilateral hearing loss. Accordingly, the matter is no longer before the Board. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2015).

The issues of entitlement to service connection for peripheral vascular disease of the right and left lower extremity, a heart disorder, a prostate disorder, an increased rating for diabetes mellitus, and entitlement to TDIU, are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).

FINDINGS OF FACT

1. The Veteran has been diagnosed with lumbar spine degenerative disc disease and degenerative joint disease during the appeal period. 

2. The Veteran has competently and credibly reported recurrent low back pain ever since a back injury during service. 

CONCLUSION OF LAW

The criteria for service connection lumbar spine degenerative disc disease and degenerative joint disease have been met. 38 U.S.C.A. §§ 1110, 1154, 5107 (West 2015); 38 C.F.R. §§ 3.102, 3.303 (2015). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran asserts that he has a low back disability that is related to service and that he has suffered recurrent low back pain ever since an injury during service. See Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).
Service connection is granted for disability resulting from disease or injury incurred in or aggravated by active duty. 38 U.S.C.A. § 1110; 38 C.F.R. §§ 3.303, 3.304. Service connection may be granted for any disease initially diagnosed after service, when all the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999). 

In making all determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on the onset and recurrence of symptoms. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a veteran is competent to report on that of which he or she has personal knowledge). When considering whether lay evidence is competent the Board must determine, on a case by case basis, whether the veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007).

Service treatment records reflect the Veteran was hospitalized in March 1967 for approximately ten days after suffering a back contusion. Thereafter, he continued to complain of low back pain and in July 1967 a service examiner diagnosed the Veteran as having chronic back pain secondary to contusion. In addition, he was placed on permanent profile due to his low back complaints. 

A June 2011 VA examiner opined, after examining the Veteran, that the Veteran's current low back disability was less likely as not caused by or a result of his military service, noting that no etiology for the Veteran's back in service was able to be determined and he has been able to function since that time in manual labor positions. Similarly, a January 2015 VA examiner opined that the Veteran's degenerative arthritis was commensurate with his age and long history of heavy physical labor (installed carpets for 45 years). The examiner also opined that no etiology for the Veteran's back pain was able to be determined in service, and he has been able to function since that time in manual labor positions, without surgery or treatment after service. Therefore, the Veteran's current back condition was not related to his military service. 

The Veteran has testified that he has suffered recurrent low back pain ever since the injury during service. The Veteran is competent to report on the nature, frequency and severity of his recurrent low back pain and the Board finds his testimony to be credible. 

Where, as here, the evidence is in relative equipoise concerning a nexus between the claimed in-service disease or injury and the present disability, the Veteran will receive the benefit of the doubt on the issue. 38 U.S.C.A. § 5107(b). Therefore, resolving all doubt in the Veteran's favor, service connection for lumbar spine degenerative disc disease and degenerative joint disease is granted. 38 C.F.R. § 3.303(a). 

ORDER

Service connection for lumbar spine degenerative disc disease and degenerative joint disease is granted. 

REMAND

The Board finds that the matters on appeal must be remanded for additional development. 

Regarding the claims for service connection for peripheral vascular disease of the right and left lower extremity, and service connection for a heart disorder, these matters were remanded by the Board in November 2014 for additional development, to include a VA examination to determine the etiology and onset of the disabilities, if any. The Board remand specifically noted that the evidence of record reflected diagnoses of coronary artery disease, hypertension, and a history of heart disease. See, e.g., May 2007 VA treatment record (noting a history of heart disease); April 2008 VA treatment record (diagnosing coronary artery disease). On January 2015 VA examination, it was found that there was no objective evidence of any heart condition, and there no history of any diagnosis of or treatment for peripheral vascular disease. Accordingly, the Board finds that these matters must be remanded to provide the Veteran another examination to determine the nature and etiology of his heart disorder and peripheral vascular disease of the right and left lower extremity as the January 2015 VA examination appears to be based on an inaccurate, and at the very least incomplete, factual premise. See Reonal v. Brown, 5 Vet. App. 458 (1993). 

Regarding the claim for service connection for a prostate disorder, the matter was remanded by the Board in November 2014 for additional development, to include a VA examination to determine the etiology and onset of the disability. On January 2015 VA examination, it was noted that the Veteran has been diagnosed with chronic prostatitis and benign prostatic hyperplasia (BPH). The examiner opined that there was no evidence in the medical literature that links the development of chronic prostatitis or BPH with diabetes mellitus or Agent Orange exposure. The examiner further opined that there was no diagnosis or treatment for either condition on active duty, and no evidence in the medical literature that BPH and/or chronic prostatitis are aggravated by diabetes mellitus or posttraumatic stress disorder (PTSD). Review of the January 2015 VA examination reveals several inadequacies. First, the November 2014 Board remand requested that the examiner provide an opinion whether the Veteran's prostate disorder was, among other things, caused or aggravated by his service-connected PTSD; the examiner only addressed the aggravation theory of entitlement to service connection. Secondly, the examiner opined that there was no diagnosis or treatment for either BPH or chronic prostatitis on active duty. Review of the Veteran's service treatment records reveals on at least one occasion, the Veteran was treated and diagnosed with chronic prostatitis. See December 1966 clinical record (diagnosing acute/chronic prostatitis). Accordingly, this matter must also be remanded for a clarifying opinion. See Reonal, 5 Vet. App. at 461. 

In regards to the Veteran's claim for an increased rating for his diabetes mellitus type 2, the matter was remanded by the Board in November 2014 to determine the current severity of his disability, including separately associated complications of diabetes. The Veteran was afforded a VA examination in October 2015. Notably, the examiner did not address whether the Veteran had any associated bowel or bladder dysfunction. See 38 C.F.R. § 4.115a (ratings of the genitourinary system, dysfunctions). On July 2014 video conference hearing, the Veteran testified he used the restroom approximately 20 times per day. Accordingly, this matter must be remanded for an addendum opinion to clarify whether the Veteran has a bowel or bladder dysfunction, and if so, whether such is related to his service-connected diabetes mellitus. 

Additionally, because the Veteran's TDIU claim is inextricably intertwined with the claims remaining on appeal, appellate consideration of entitlement to a TDIU rating is deferred pending resolution of the remaining claims on appeal. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991); see also Tyrues v. Shinseki, 23 Vet. App. 166, 177 (2009) (en banc). 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The RO should associate with the claims file updated VA treatment records since December 2015.

2. Obtain an addendum to the January 2015 examination report regarding the claims of service connection for peripheral vascular disease of the right and left lower extremity and a heart disorder. If a new examination is deemed necessary, such should be accomplished. The Veteran's claims file, including this remand, should be reviewed prior to completion of the opinion and/or examination. 
The examiner is asked to provide an opinion as to whether it is at least as likely as not the Veteran has, or has had, a heart disorder and/or peripheral vascular disease of the right or left lower extremity? In providing this opinion, the examiner is asked to note and consider post-service evidence of diagnoses of coronary artery disease, hypertension, and a history of heart disease, and, whether the diagnoses of coronary artery disease and/or heart disease were in error, or such has resolved. 

The examiner is also asked to provide an opinion whether it is at least as likely as not that the Veteran's peripheral vascular disease of the right and left lower extremity and/or heart disorder, were caused or aggravated by his service-connected diabetes mellitus and/or PTSD? 

All findings and conclusions should be set forth in a legible report, and the examiner should provide a detailed rationale for any opinion expressed. If an opinion cannot be rendered without resorting to speculation, the examiner should state why that is so. 
 
3. Obtain an addendum to the January 2015 examination report regarding the claim of service connection for a prostate disorder. If a new examination is deemed necessary, such should be accomplished. The Veteran's claims file, including this remand, should be reviewed prior to completion of the opinion and/or examination. 

The examiner is asked to provide an opinion as to whether it is at least as likely as not the Veteran has a prostate disorder that is related to the Veteran's in-service exposure to herbicides or is otherwise related directly to service, to include whether such became manifest within one year of his discharge from active duty. In providing this opinion, the examiner is asked to note and consider the in-service treatment and diagnosis of chronic prostatitis, and whether the current diagnosis of a prostate disorder is related to such treatment and diagnosis during service. 

The examiner is also asked to provide an opinion whether it is at least as likely as not that the Veteran's prostate disorder was caused by his service-connected diabetes mellitus and/or PTSD? 

All findings and conclusions should be set forth in a legible report, and the examiner should provide a detailed rationale for any opinion expressed. If an opinion cannot be rendered without resorting to speculation, the examiner should state why that is so. 

4. Obtain an addendum to the October 2015 examination report regarding the claim for an increased rating for diabetes mellitus. The Veteran's claims file, including this remand, should be reviewed prior to completion of the opinion and/or examination. 

The examiner is asked to provide an opinion as to whether it is at least as likely as not the Veteran has a bowel or bladder problem related (caused or aggravated) to his diabetes mellitus, to include consideration of the Veteran's report as to the frequency of his voiding. 

All findings and conclusions should be set forth in a legible report, and the examiner should provide a detailed rationale for any opinion expressed. If an opinion cannot be rendered without resorting to speculation, the examiner should state why that is so. 

5. Then readjudicate the appeal, to include whether entitlement to TDIU is warranted. If the benefits sought on appeal are not granted in full, the Veteran and his representative should be provided with a supplemental statement of the case. An appropriate period of time should be allowed for response. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2015).

______________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs